**Antonio BENNINGS, Plaintiff–Appellant,**

**v.**

**Bryan KEARNEY, Melvin Wearing, Kristine Ragaglia, and Mary Bigelow, Defendants–Appellees.**

**No. 00–7459.**

United States Court of Appeals, Second Circuit.

Feb. 8, 2001.

---

Antonio Bennings, Hamden, CT, pro se.

Thomas W. Ude, Jr., Corporation Counsel's Office, New Haven, CT, for appellees Bryan Kearney and Melvin Wearing.

Stephen G. Vitelli, Assistant Attorney General of Connecticut, Hartford, CT, for appellee Kristine Ragaglia.

Susan Q. Cobb, Assistant Attorney, General of Connecticut, Hartford, CT, for appellee Mary Bigelow.

Present WALKER, Chief Judge, POOLER, Circuit Judge, HALL, District Judge.*

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Antonio Bennings, *pro se*, appeals from a judgment dismissing his 42 U.S.C. § 1983 action pursuant to Fed.R.Civ.P. 12(b)(6) and 56(c). Bennings brought suit against Bryan Kearney, a New Haven police officer; Melvin Wearing, New Haven's police chief; Kristine Ragaglia, the Commissioner of Connecticut's Department of Children and Families ("DCF"); and Mary Bigelow, a Connecticut Superior Court family services counselor.

In his complaint, Bennings claims that he was falsely arrested for assaulting his fiancee's daughter, who is officer Brian Kearney's daughter. Specifically, Bennings contends that Kearney filed a false police report, that Bigelow placed erroneous information in a report to DCF, and that Ragaglia permitted that report to be filed. Each of these acts, he alleges, precipitated his being falsely arrested.

In the district court, defendants Bigelow and Ragaglia moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and defendants Kearney and Wearing moved for summary judgment pursuant to Fed.R.Civ.P. 56(c). The district court granted these motions.

■ With respect to Bigelow, the district court dismissed the complaint because Bennings failed to serve her with the complaint. With respect to Ragaglia, the district court dismissed the claims against her in her official capacity based on the Eleventh Amendment and in her personal ca-

---

*The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

pacity due to a failure to allege personal involvement as required for supervisory liability under § 1983. We review these dismissals *de novo*. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996).

■ We find the claims against Bigelow were properly dismissed. Bennings failed to serve the complaint on Bigelow in her official capacity, which under Connecticut law required that he deliver the complaint to the state Attorney General. *See* Conn. Gen.Stat. § 52–64. Similarly, Bennings' suit against Bigelow in her personal capacity was properly dismissed because she never received service in any manner. *See* Fed.R.Civ.P. 4(e).

■ We also find that Bennings's claims against Ragaglia were properly dismissed. To the extent Bennings brought suit against Ragaglia in her official capacity, the only remedy Bennings sought was money damages, which § 1983 does not permit. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (a state official sued in his official capacity cannot be held liable under § 1983). To the extent Bennings brought suit against Ragaglia in her personal capacity, we believe dismissal was appropriate because Bennings failed to allege facts giving rise to an inference that Ragaglia was personally involved in the filing of the allegedly false report with DCF. A viable § 1983 suit based on supervisory liability requires personal involvement by the defendant-supervisor. *See Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995).

■ The district court granted summary judgment to Kearney because, among other reasons, Kearney was not acting under the color of state authority at the time he filed the police report on behalf of his daughter. Having reviewed the district court's decision *de novo*, *see Low-*

*rance v. Achtyl*, 20 F.3d 529, 534 (2d Cir. 1994), we agree that summary judgment was proper. Bryan Kearney, as we believe any responsible parent would, reported his daughter's allegations to the police department that had jurisdiction over the incident, which as it happened was the department at which Kearney worked. In doing so, Kearney was not acting under the color of state authority. Moreover, Bennings has not idéntified any facts that would give rise to an inference that at any time thereafter Kearney used his authority as an officer to influence the investigation. In the absence of such evidence, the § 1983 action fails.

We have considered plaintiff's remaining arguments and find them without merit. Accordingly, the judgment of the district court dismissing the action is hereby AFFIRMED.